UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITSSBURG, PA. a subrogee and assignee of                    Index No:  07civ7515
THE ROCKEFELLER FOUNDATION,

                           Plaintiff,                           **ANSWER**

       -against-

ANTHONY McEWAN, FRANK MELLI, PAUL
SHUSTERMAN, LISA BAKER and LACHO
TERRAZAS,

                           Defendants.
------------------------------------------------------------------------x

      Defendant FRANK MELLI, by his attorneys ADDABBO & GREENBERG, in answer to the Complaint of Plaintiff herein, hereby respectfully state and allege upon Information and Belief, as follows:

### SUMMARY OF ALLEGATIONS

      1.     Denies knowledge sufficient to form a belief as to the allegations set forth in paragraph 4 of the complaint except admits the allegations as to Frank Melli.

      2.     Denies the allegations set forth in paragraphs 2, 3, 4, and 5 of the complaint.

### THE PARTIES

      3.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28 of the complaint.

      4.     Denies the allegation set forth in paragraph 29 of the complaint.

## THE FACTS

5. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 31 of the complaint.

6. Denies the allegations set forth in paragraphs 30, 32, and 34 of the complaint.

## JURISDICTION AND VENUE

7. Denies the allegations set forth in paragraphs 35 and 36 of the complaint.

## COUNT 1
### (Fraud against all Defendants)

8. Denies knowledge or information to form a belief as to the allegation set forth in paragraph 40 of the complaint.

9. Denies the allegations set forth in paragraphs 37, 38, 39, and 41 of the complaint.

## COUNT II
### (Conspiracy to Defraud against all Defendants)

10. Denies knowledge or information to form a belief as to the allegation set forth in paragraph 48 of the complaint.

11. Denies the allegations set forth in paragraphs 43, 44, 45, 46, 47, and 49 of the complaint.

## COUNT III
### (Monies Wrongfully Had and Unjust Enrichment Against all Defendants)

12. Denies knowledge or information to form a belief as to the allegation set forth in paragraph 53 of the complaint.

13. Denies the allegations set forth in paragraphs 51, 52, and 54 of the complaint.

## COUNT IV
### (Conversion Against All Defendants)

14. Denies the allegations set forth in paragraphs 56, 57, 58, and 59 of the complaint.

## COUNT V
### (Federal Civil RICO Against All Defendants)

15. Denies the allegations set forth in paragraphs 61, 62, 63, 64, 65, and 66 of the complaint.

## COUNT VI
### (Breach of Contract and Breach of Fiduciary Duty as Against Shusterman)

16. Denies knowledge or information to form a belief as to the allegation set forth in paragraph 68, 69, 70, 71, 72 and 73 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. This Court lacks jurisdiction in that there is not true diversity between the parties.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. That liability should be apportioned with regard to the amount of monetary gain made by this answering Defendant FRANK MELLI in that there was no conspiracy with any of the other Defendants.

## AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS ANTHONY McEWAN, PAUL SHUSTERMAN, <u>LISA BAKER and LACHO TERRAZAS</u>

19.     Upon information and belief, that if and in the event Plaintiff sustained any injuries or damages as alleged in the Complaint, said damages were caused solely by the primary, active and affirmative negligence, recklessness, culpable and/or fraudulent conduct and/or breach of contract of Defendants ANTHONY McEWAN, PAUL SHUSTERMAN, LISA BAKER and LACHO TERRAZAS, their agents, servants and/or employees.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS ANTHONY McEWAN, PAUL SHUSTERMAN, <u>LISA BAKER and LACHO TERRAZAS</u>
(Contribution)

20.     Defendant FRANK MELLI repeats and realleges each and every allegation and response, contained in Paragraphs 1 through 19 as if fully set forth at length herein.

21.     Upon information and belief, that if and in the event Plaintiffs sustained any injuries or damages as alleged in the Complaint, and if complete indemnity is not granted as demanded under FRANK MELLI'S FIRST CROSS-CLAIM as set forth above, FRANK MELLI nevertheless is entitled to contribution from Defendants ANTHONY McEWAN, PAUL SHUSTERMAN, LISA BAKER and LACHO TERRAZAS, in the amount of the excess paid by FRANK MELLI over and above its equitable share of any judgment, verdict and/or recovery obtained by Plaintiff, as determined in accordance with the relative culpability of each party liable for contribution.

Dated: Forest Hills, New York
       October 23, 2007

                                      S/Todd D. Greenberg
                                      Todd D. Greenberg, Esq.
                                      ADDABBO & GREENBERG
                                      Attorneys for Defendant
                                      FRANK MELLI
                                      118-21 Queens Blvd. Suite 306
                                      Forest Hills, New York 11375
                                      Tel. No. 718-268-0400

To:    Brian W. Keats, Esq.
         McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
         Attorneys for Plaintiff
         NATIONAL UNION FIRE INSURANCE COMPANY
         OF PITSSBURG, PA. a subrogee and assignee of
         THE ROCKEFELLER FOUNDATION
         88 Pine Street 24th Fl.
         New York, NY  10005
         Tel. No. 212-483-9490