Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK



THE PEOPLE OF THE STATE OF NEW YORK

-against-

Cheryl McEwan,
Anthony McEwan,
Frank Melli,

Defendants.

PEOPLE'S VOLUNTARY
DISCLOSURE FORM

Indictment No.  1397/2006

    The People of the State of New York hereby voluntarily disclose to the defendants the following factual information pertaining to the above-captioned case:

A.    **BILL OF PARTICULARS**

1.    OCCURRENCE

    Date:    April 1, 1998 - July 7, 2004

    Date:    May 1, 2002 - February 17, 2005

2.    ARREST

    Date:    March 29, 2006
    App. Time:    6:15 am
    Place:    158-04 Park Lane South

    Date:    March 29, 2006
    App. Time:    1 pm
    Place:    1 Hogan Place

    Date:    March 29, 2006
    App. Time:    7 am
    Place:    86-02 Park Lane South

B.    **NOTICES**

STATEMENTS

☐ If checked, notice is hereby served, pursuant to CPL §710.30(1)(a), that the People intend to offer at trial evidence of a statement made by defendants to a public servant. *(Where a statement has been video taped, counsel should contact the assigned Assistant District Attorney to arrange a mutually convenient time for viewing the tape or should provide a blank tape for copying.)*

2. IDENTIFICATION

☐ If checked, notice is hereby served, pursuant to CPL §710.30(1)(b), that the People intend to offer at trial testimony regarding an observation of defendants either at the time or place of the commission of the offense or upon some other occasion relevant to the indictment, to be given by a witness who has previously identified defendant.

C. DISCOVERY

1. ADDITIONAL STATEMENTS

☐ If checked, the People hereby disclose written, oral or recorded statements of a defendant or of a co-defendant to be jointly tried, made, other than in the course of the criminal transaction, to a public servant engaged in law enforcement activity or to a person then acting under his direction or in cooperation with him, and which statements are not given in section B(1) above. C.P.L. §240.20(1)(a).

2. GRAND JURY TESTIMONY

☐ If checked, defendants or a co-defendant to be tried jointly testified before the Grand Jury relating to this criminal action. C.P.L. §240.20(1)(b). *Such testimony is available upon payment of a stenographic fee.*

3. SCIENTIFIC AND MEDICAL REPORTS

☐ If checked, the People hereby disclose written reports or documents or portions thereof, concerning a physical or mental examination or scientific test or experiment, relating to this criminal action, which were made by, or at the request or direction of a public servant engaged in law enforcement, or by a person whom the People intend to call as a witness of a trial, or which the People intend to introduce at trial. C.P.L. §240.20(1)(c).

4. PHOTOGRAPHS AND DRAWINGS

☐ If checked, there exists photographs or drawings relating to this criminal action which were made or completed by a public servant engaged in law enforcement, or which were made by a person whom the People intend to call as a witness at trial, or which the People intend to introduce at trial. C.P.L. §240.20(1)(d). *(Counsel should contact the assigned Assistant District Attorney to arrange a mutually convenient time to examine this material.)*

5. INSPECTION OF PROPERTY

☐ If checked, there exist photographs, photocopies or other reproductions made by or at the direction of a police officer, peace officer or prosecutor of property prior to its release pursuant to the provisions of Penal Law Section 450.10, irrespective of whether the People intend to introduce at trial the property or the photograph, photocopy or other reproduction. C.P.L. §240.20(1)(e). *(Counsel should contact the assigned Assistant District Attorney to arrange a mutually convenient time to examine this property.)*

6. OTHER PROPERTY

☐ If checked, there exists other property obtained from the defendants, or a co-defendant to be tried jointly, C.P.L. §240.20(1)(f), or from another source. *(Counsel should contact the assigned Assistant District Attorney to arrange a mutually convenient time to examine this property.)*

7. TAPES AND ELECTRONIC RECORDINGS

☐ If checked, there exist tapes or other electronic recordings which the People intend to introduce at trial, irrespective of whether such recording was made during the course of the criminal transaction. C.P.L. §240.20(1)(g). *(Counsel should contact the assigned Assistant District Attorney to arrange a mutually convenient time to listen to the tapes or provide a blank tape for copying.)*

8. BRADY MATERIAL

☐ If checked, there is material appended which the People are required to turn over pursuant to the United States or the New York State Constitution. The People are aware of their continuing obligation to disclose material exculpatory information to defendants and intend to satisfy that obligation as required by law. C.P.L. §240.20(1)(h).

9. COMPUTER OFFENSES

☐ If checked, discovery is hereby served pursuant to C.P.L. §240.20(1)(j) of the time, place and manner of notice given pursuant to Penal Law §156.00(6), which governs offenses for Unauthorized Use of a Computer (Penal Law §156.05) and Computer Trespass (Penal Law §156.10).

10. POLICE OFFICERS INVOLVED

The following are some of the officers who were involved in the arrest or police investigation.

| Name | Shield | Command |
|---|---|---|
| Det Judy Newton | 4892 | DANY |
| Det. Robert Mistretta | 2667 | DANY |
| Det. Joseph Sweeney | 4961 | DANY |

11.  **SEARCH WARRANTS**

☐ If checked, a search warrant was executed during the investigation of this case.

D.  **DEMAND FOR NOTICE OF ALIBI**

Pursuant to CPL §250.20, the People hereby demand that defendant supply the District Attorney with (a) the place or places where the defendant claims to have been at the time of the commission of the crime(s) and (b) the names, residential addresses, places of employment and addresses thereof of every alibi witness upon whom defendant intends to rely to establish his presence elsewhere than at the scene of the crime at the time of its commission. Within a reasonable time after the receipt of the information specified above, the District Attorney will submit a list of any rebuttal witnesses, their addresses, and employers.

E.  **RECIPROCAL DISCOVERY**

Pursuant to CPL §240.30(1), the People hereby demand that defendant supply the District Attorney with (a) any written report or document, or portion thereof, concerning a physical or mental examination, or scientific test, experiment, or comparisons, made by or at the request or direction of the defendant, if the defendant intends to introduce such report or document at trial, or if defendant has filed a notice of intent to proffer psychiatric evidence and such report or document which relates thereto or if such report or document was made by a person other than defendant, whom defendant intends to call as a witness at trial; and (b) any photograph, drawing, tape, or other electronic recording which the defendant intends to introduce at trial.

F.  **ADDITIONAL DISCLOSURES**

See Attached

**NOTE**: Any defense motion or request addressed to the above-captioned case should be directed to the attention of the Assistant District Attorney named below, who is assigned to this case.

Dated:  New York, New York
March 29, 2006

Robert M. Morgenthau
District Attorney
One Hogan Place
New York, NY 10013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

CHERYL MCEWAN,
ANTHONY MCEWAN,
FRANK MELLI,

Defendants.

THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuse the defendants of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants Cheryl McEwan, Anthony McEwan, and Frank Melli, in the County of New York, during the period from on or about April 1, 1998 to on or about July 7, 2004, stole property from the Rockefeller Foundation, and the value of the property exceeded fifty thousand dollars.

SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants CHERYL MCEWAN, FRANK MELLI of the crime of **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants Cheryl McEwan, and Frank Melli, in the County of New York, on or about February 25, 2003 with intent to defraud, and to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of the

THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants CHERYL MCEWAN, FRANK MELLI of the crime of **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants Cheryl McEwan, and Frank Melli, in the County of New York, on or about June 30, 2004 with intent to defraud, and to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of the Rockefeller Foundation.

FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants CHERYL MCEWAN, FRANK MELLI of the crime of **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants Cheryl McEwan, and Frank Melli, in the County of New York, on or about June 16, 2004 with intent to defraud, and to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of The Rockefeller Foundation.

FIFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants CHERYL MCEWAN, ANTHONY MCEWAN of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants Cheryl McEwan and Anthony McEwan, in the County of New York, during the period from on or about May 1, 2002 to on or about February 17, 2005, stole property from the Rockefeller Foundation, and the value of the property exceeded fifty thousand dollars.

SIXTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants CHERYL MCEWAN, ANTHONY MCEWAN of the crime of **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants Cheryl McEwan, and Anthony McEwan, in the County of New York, on or about February 25, 2003, with intent to defraud, and to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of the Rockefeller Foundation.

SEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants CHERYL MCEWAN, ANTHONY MCEWAN of the crime of **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants Cheryl McEwan, and Anthony McEwan, in the County of New York, on or about January 29, 2004, with intent to defraud, and to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of the Rockefeller Foundation.

EIGHTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants CHERYL MCEWAN, ANTHONY MCEWAN of the crime of **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants Cheryl McEwan, and Anthony McEwan, in the County of New York, on or about June 16, 2004, with intent to defraud, and to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of the Rockefeller Foundation.

ROBERT M. MORGENTHAU
District Attorney

By: Diana Florence
Assistant District Attorney
335-4008